**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DAVID NEAL, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 25-218-JLH-EGT |
| TRANSWORLD SYSTEMS, INC., | ) | |
| Defendant. | ) | |

**ORDER**

At Wilmington, this 28th day of August, 2026:

WHEREAS, Magistrate Judge Tennyson issued a Report and Recommendation on June 10, 2026 (D.I. 48 ("R&R")), recommending that the Court grant Defendant's motion for summary judgment (D.I. 41);

WHEREAS, on June 24, 2026, Plaintiff filed Objections to the R&R (D.I. 49), and on July 8, 2026, Defendant filed its response (D.I. 50);

WHEREAS, the Court reviews the Objections de novo, *see* Fed. R. Civ. P. 72(b)(3) & 28 U.S.C. § 636(b)(1)(B), (C);

WHEREAS, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a), and shall "draw all reasonable inferences in favor of the nonmoving party," *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000);

WHEREAS, to withstand a motion for summary judgment, a plaintiff "must point to concrete evidence in the record that supports each and every essential element of his case," *Nitkin*

*v. Main Line Health*, 67 F.4th 565, 571 (3d Cir. 2023) (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 484 (3d Cir. 1995));

WHEREAS, Plaintiff objects to the R&R's conclusion that summary judgment should be granted to Defendant on Plaintiff's Telephone Consumer Protection Act ("TCPA") claim, 47 U.S.C. § 227, because the record lacks sufficient evidence for a reasonable jury to find that Defendant used an "automatic telephone dialing system" ("ATDS") to contact Plaintiff about his outstanding debt;

WHEREAS, Plaintiff's Objections appear to contend that Defendant might have obtained additional numbers associated with Plaintiff and/or might have used random- or sequential number generation to call/text others, even if it did not use random- or sequential number generation to text Plaintiff at the number alleged in the Complaint (D.I. 49 at 3–4);

WHEREAS, the Court agrees with the R&R that, under *Panzarella v. Navient Sols., Inc.*, 37 F.4th 867, 881–82 (3d Cir. 2022),[1] to avoid losing on summary judgment, Plaintiff needed to point to evidence that Defendant used random- or sequential number generation to call/text Plaintiff, and that Plaintiff failed to do so, *id.* at 882 (granting summary judgment to defendant on a TCPA claim where plaintiffs "identified no evidence that even suggests [the defendant] called them in anything but a targeted manner" regarding their outstanding debt);[2]

---

[1] Plaintiff agrees that *Panzarella* controls. (D.I. 45 at 6.)

[2] The texts at issue related to Defendant's attempt to collect a debt Plaintiff incurred related to a hospital emergency room visit. Plaintiff says that he "does not contend that the seven text messages pleaded in the Complaint were sent to a number other than 646-509-3146," (D.I. 49 at 4)—*i.e.*, his number—and Plaintiff does not argue that Defendant used a random or sequential number generator to call or text him at that number.

WHEREAS, Plaintiff also contends that the Magistrate Judge erred in granting summary judgment to Defendant on the TCPA claim because Plaintiff requested additional discovery under Federal Rule of Civil Procedure 56(d) related to how Defendant obtained additional phone numbers associated with Plaintiff;

WHEREAS, the Court's Scheduling Order states that "[a]ll discovery in this case shall be initiated so that it will be completed on or before July 7, 2025" (D.I. 6), and Defendant did not move for summary judgment until January 23, 2026;

WHEREAS, if Plaintiff needed additional discovery in support of his claims, he should have requested it and/or moved to compel it before the deadline for fact discovery, and Plaintiff has not shown good cause for failing to do so;[3]

WHEREAS, additional discovery is also inappropriate because Plaintiff has not explained—and the Court does not understand—how the requested discovery could have possibly helped Plaintiff show that Defendant used random- or sequential number generation to text Plaintiff regarding his outstanding debt;

WHEREAS, with respect to Plaintiff's claim under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.*, Plaintiff acknowledges that summary judgment for Defendant is appropriate if a notice under § 1692(g) was "sent" (D.I. 49 at 6), and that the uncontroverted evidence of record shows that the notice was sent (D.I. 43 ¶¶ 16–35 (citing D.I. 25));

WHEREAS, Plaintiff's Objections appear to contend Defendant should have produced additional evidence that the notice was sent (D.I. 49 at 6–7); however, Plaintiff did not move to compel such evidence before the close of fact discovery, nor has Plaintiff provided the Court with

[3] Indeed, Plaintiff agreed in November 2025 that discovery had been "completed." (D.I. 35.)

any reason to think that the additional evidence would contradict the computerized records that Defendant already produced;

WHEREAS, Plaintiff objects to how Footnote 1 of the R&R characterized Plaintiff's TCPA litigations (D.I. 48 at 2 n.1);

WHEREAS, this Court has not considered Footnote 1 in its determination that summary judgment for Defendant is appropriate;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff's Objections to Judge Tennyson's June 10, 2026 Report and Recommendation (D.I. 49) are OVERRULED.
2. Judge Tennyson's June 10, 2026 Report and Recommendation (D.I. 48) is ADOPTED.
3. Defendant's Motion for Summary Judgment (D.I. 41) is GRANTED.
4. The Court will enter judgment for Defendant and against Plaintiff.

The Honorable Jennifer L. Hall
United States District Judge